People v Payne (2023 NY Slip Op 50374(U))

[*1]

People v Payne (Suzette)

2023 NY Slip Op 50374(U)

Decided on April 25, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570162/18

The People of the State of New York, Respondent,
against
Suzette Payne, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Tara A. Collins, J.), rendered February 16, 2018, after a nonjury trial, convicting her of attempted assault in the third degree, menacing in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered February 16, 2018, affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence, including the victim's credited testimony, photographs of his head injury, and the 911 recording, disproved defendant's justification defense beyond a reasonable doubt. The court reasonably determined that defendant's attack - in which she punched the victim in the face, pointed a knife and threw it at him, and struck him in the head with a wooden mop handle, causing an "opening on his forehead, and blood to stream down his face" - was not preceded by any conduct by the victim that would support a reasonable belief that the use of physical force against defendant was imminent (see People v Goetz, 68 NY2d 96, 114-115 [1986]). Furthermore, the evidence established that defendant intended to place the victim in fear of "imminent serious physical injury or physical injury" (Penal Law § 120.15; see Matter of Denzel F., 44 AD3d 389, 390 [2007]) and to "harass, annoy or alarm" him (Penal Law § 240.26; see People v Correa, 75 AD3d 478, 479 [2010], lv denied 15 NY3d 892 [2010]). 
Issues of credibility were properly presented to the trial court, which saw and heard the witnesses, and we see no reason to disturb its findings. We do not find the victim's credited account of the altercation to be unreliable or implausible (see People v Petty, 7 NY3d 277 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2023